## JOHNSON v. VILLAGE OF GLENS FALLS.

*(Supreme Court, General Term, Third Department. November 30, 1891.)*

MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—RECENT FALL OF SNOW.

Snow accumulated on a sidewalk in defendant village, and being allowed by the village authorities to remain, became rounded and ridgy near the center of the walk. Thereafter snow and sleet fell to the depth of two inches, and froze over the old coating of snow, and on this fresh ice plaintiff fell and was injured. *Held* that, defendant not being chargeable with negligence for plaintiff's fall on the fresh ice, a nonsuit was properly entered, the jury having no right to inquire whether defendant was negligent in suffering the old snow to remain on the walk.

Appeal from circuit court, Warren county.

Action by Patrick Johnson against the village of Glens Falls. From a judgment of nonsuit, plaintiff appeals. Affirmed.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*H. A. Howard*, (*J. S. L'Amoreaux*, of counsel,) for appellant. *King & Ashley*, (*Richard L. Hand*, of counsel,) for respondent.

LANDON, J. On the afternoon of January 17, 1884, the plaintiff, while carefully walking on an icy sidewalk on the west side of Church street in the village of Glens Falls, slipped because of the icy condition of the walk, fell, and was injured. For many days prior to January 17th, and up to that day, ice and snow, having accumulated upon the sidewalk, were suffered to remain there, and had become rounded and ridgy along the center of the walk. On the night of the 16th of January, snow and sleet fell to the depth of from two to four inches, and then froze, covering this street and all the others in the village with a hard crust of ice. None of this ice had been removed from the sidewalk where plaintiff fell. The case, then, stands thus: The plaintiff

fell on the fresh ice, as to which the defendant was not chargeable with negligence. Whether the old snow and ice, as to which the defendant might have been charged with negligence, contributed to his fall, the jury did not know, and were not at liberty to guess. *Taylor* v. *City of Yonkers*, 105 N. Y. 202, 11 N. E. Rep. 642, requires an affirmance. Judgment affirmed, with costs. All concur.