## LAWLESS v. CITY OF TROY.

*(Supreme Court, General Term, Third Department. April 4, 1892.)*

DEFECTIVE SIDEWALKS—RECENT SNOW—OLD ICE—CONCURRING CAUSE OF FALL.

> Plaintiff was walking on a sidewalk on a very steep grade, during a snow, which had been falling for two hours, and had covered a coating of old ice on the walk to the depth of two inches, and while so walking fell, and was injured. *Held*, in the absence of evidence that the old ice was a concurring cause of plaintiff's fall, that a verdict for plaintiff must be set aside.

Appeal from circuit court, Rensselaer county.

Action by Hannah Lawless against the city of Troy. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before PUTNAM and HERRICK, JJ.

*William J. Roche*, for appellant. *J. A. Cipperly*, for respondent.

HERRICK, J. On the 5th day of March, 1887, the plaintiff, while walking along South street, in the city of Troy, slipped and fell, and sustained injuries for which she brings this action. It appears that at that portion of the street where she fell the grade is very steep, and it is alleged by her, and there is evidence to sustain it, although there is a conflict upon that subject, that the sidewalk at that point had been covered with ice for some weeks prior to the accident, and that the sidewalk was rough and uneven therefrom. The plaintiff lived a short distance from the place in question, and was accustomed to pass over it daily to visit the home of her parents, the place of the accident being between her residence and that of her parents. On the evening in question it commenced snowing between 6 and 7 o'clock. By 8 o'clock about two inches of snow had fallen, covering the sidewalk. The plaintiff left her house between 7 and 8 o'clock in the evening, to visit her parents; passed over the place in safety; it was snowing at the time; stayed with her parents about half an hour; started for home shortly before or about 8 o'clock; and, when a short distance from her parents, met with the accident for which this action is brought. If the sidewalk was covered with ice the length of time prior to the accident claimed by the plaintiff, the jury would have been justified in finding the city negligent in that respect. But that is not sufficient of itself to make the city liable to the plaintiff; that neglect must have caused the injury, or at least have been a concurring cause, without which it would not have happened. The grade of the street is steep, by no fault of the city. Snow had fallen that evening prior to and at the time of the accident. It is unnecessary to cite authorities to show that the city was not responsible for accidents resulting from a fall of snow so recent. Unless the old ice was a concurring cause of the accident, without which it would not have happened, the city is not liable. How can the jury tell which caused the accident,—whether it was the snow alone, or whether it was a concurring cause; or how can they tell that the ice underneath the snow—an inch or more—was a concurring cause, without which the accident would not have happened; that, if the snow alone had been on that steep grade, the plaintiff would not have fallen? The jury can simply guess as to what caused the accident, and that is not permissible. *Johnson* v. *Village of Glens Falls*, (Sup.) 16 N. Y. Supp. 585. The plaintiff herself testified that she slipped on the snow. If she is right in that, the city is not liable. Judgment should be reversed, new trial granted, costs to abide event.

PUTNAM, J., *(concurring.)* At the place where plaintiff fell there was no special ridge or bunch, but a quantity of rough, uneven ice. Probably the

jury could find the city negligent in suffering this ice to remain. *Masters v. City of Troy*, (Sup.) 3 N. Y. Supp. 450. Plaintiff might recover notwithstanding the new fall of snow. In *Pomfrey* v. *Village of Saratoga Springs*, 104 N. Y. 460, 11 N. E. Rep. 43, there was a light covering of snow over the ice; and also in *Masters* v. *City of Troy, supra.* But plaintiff was bound to show that the old ice caused her fall, or was a concurring cause. *Taylor* v. *City of Yonkers*, 105 N. Y. 208, 11 N. E. Rep. 642. If the evidence was such that it was impossible to determine which caused the accident, the old ice or the new snow, plaintiff cannot recover. This, I think, is the difficulty about the plaintiff's case. She testified that she slipped on the ice, and again that she slipped on the snow. It was a steep grade. There was about two inches of new snow. The testimony in the case is such that it cannot be determined whether the old ice caused the accident or the new snow. Hence the verdict of the jury was not sustained by the evidence. I therefore concur with Judge HERRICK.