## BROBURG v. THE CITY OF DES MOINES.

1. **City Streets:** DANGEROUS CONDITION OF: CHARGING CITY WITH NOTICE OF: FACTS NOT WARRANTING. Where the evidence showed that the persons passing along the street failed to observe, that the street was in bad condition, as alleged, it cannot be assumed that the city officials, by the exercise of ordinary diligence, would have noticed what no other person did.

2. ——— : ———: ICE AND SNOW: DUTY OF CITY TO REMOVE. The mere fact that a street is in a dangerous condition because of ice and snow, rendering the walks and crossings slippery, by reason of the operation of natural causes, does not render the city liable for injuries occasioned thereby, even if such ice and snow are not removed within a reasonable time; and it is only where ice and snow are allowed to remain upon a street in such an uneven and rounded condition that a person using due care cannot walk over it without danger of falling, that the city seems to become liable for injuries caused thereby.

*Appeal from Polk Circuit Court.*

FRIDAY, APRIL 25.

THE petition states that the plaintiff, without fault on his part, "stepped and fell," while passing along a street of the city, "in consequence of the defendant's officers, agents and employes having negligently and carelessly permitted stones, brick and other building material to be placed upon and remain on said street, so as to cause large quantities of ice and

snow to accumulate and remain for a great length af time on the part of said street where plaintiff was rightfully walking, so as to obstruct and render dangerous the ordinary and proper way for persons walking on said street; that the officers, agents and employes of the defendant had notice and knowledge of the dangerous condition of said street, or by the exercise of ordinary diligence might have known thereof." There was a denial of the allegations of the petition, trial by jury, verdict and judgment for the plaintiff, and defendant appeals.

*Williamson & Kavanaugh,* for appellant.

*Finch & Donovan,* for appellee.

SEEVERS, J.—I. The building material, placed as it was, did not cause the accident, but it was caused by the ice and

1. CITY STREETS: dangerous condition of: charging city with notice of: facts not warranting.

snow which had accumulated in the street. The building material, at most, caused the ice and snow to accumulate. The city did not have express notice of such accumulation, nor that the street was in a dangerous condition. A material question on the trial, therefore, was, whether the snow and ice had so accumulated as to render the street dangerous to persons passing over it. In a lengthy instruction, the court defined the duty of the city in such cases, and, among other things, said that "such care requires that accumulations of ice and snow, dangerous to travel, should be removed within a reasonable time after the officials of the city charged with the care of the streets had knowledge thereof, or by the exercise of ordinary diligence should have known it, and the city is not negligent until such reasonable time has elapsed."

We have examined the evidence, and do not find any sufficient evidence tending to show that the street had been in a dangerous condition for such a length of time as that the city, by the exercise of ordinary diligence, should have had knowledge of such condition. The only witness who speaks of the con-

dition of the street prior to the accident is Mr. Callahan. He states: "I passed over the place at least six times a day. * * I could not say how long it had been in that condition. I never took particular notice prior to falling myself." The witness further stated that the building material or flagging had been in the street at least two or three weeks, and that "there had been snow and ice in this passage-way also for about that time." The snow and ice "must have been there as long as the flags were there. The snow came and struck it, and it must have stayed there." The witness fell at or near the same place the plaintiff did, a day or two after the accident in question.

It will be observed that the witness passed over the place where the accident occurred at least six times a day, but he did not notice that it was in a dangerous condition. There is no evidence tending to show that any one observed that the walk or street was in a dangerous condition prior to the time the plaintiff fell and was injured. Under such circumstances, it cannot be assumed that the city or its officials had knowledge of what did not exist, or, which is the same thing, which the evidence fails to show existed. If persons passing along the street failed to observe that the street was in bad condition, it cannot be assumed that the officials of the city observed what no other person did. It is true that the witness states that there had been snow and ice on the street, or, as he termed it, passage-way, for two or three weeks. Concede this, and yet it does not appear that the street was in a dangerous condition.

II. We deem it proper, in view of another trial, to say that the instruction above quoted does not in our opinion state the law correctly. The test of liability under the instruction is, whether the street was in a dangerous condition caused by the accumulation of ice and snow. Such an accumulation may occur in a few hours; or, because of a fall of rain which freezes as it falls, the streets of a city may become, and frequently are, in this

2. —:—: ice and snow: duty of city to remove.

climate, coated with ice, thus rendering them dangerous to travelers. The city in such case would have the requisite notice, and, under the instruction, would be bound to remove it within a reasonable time. To so require would prove a great burden, and we think that the better rule is that it is only when "ice or snow is suffered to remain upon a sidewalk (or street crossing) in such an uneven and rounded form that a person cannot walk over it, using due care, without danger of falling down, that it seems to constitute a defect for which the city or town is liable." *Cook v. Milwaukee*, 24 Wis., 274. The mere fact that a street is in a dangerous condition because of ice and snow, rendering the walks and crossings slippery by reason of the operation of natural causes, should not render the city liable, even if such ice and snow are not removed in a reasonable time. But when it becomes, by reason of the travel thereon, or other causes, rounded or in ridges, then it may be that the city should be required to remove such ice and snow.

REVERSED.