[No. 886. Decided May 23, 1893.]

ALEXANDER W. CALDER, *Respondent*, v. THE CITY OF WALLA WALLA, *Appellant*.

NEGLIGENCE—ICY SIDEWALKS—LIABILITY OF CITY.

A city is not liable for damages for injuries received from falling on an icy sidewalk if the ice is not so rough and uneven, or so rounded up, or at such an incline as to make it an obstruction and to cause it to be unsafe for travel with the exercise of due care.

Where there is testimony tending to show that an accident was due to the slipperiness and smoothness caused by the ice upon a walk, it is error for the court to refuse to instruct the jury that "mere slipperiness of the sidewalk, occasioned by ice or snow, not being accumulated so as to cause an obstruction, is not ordinarily such a defect as will make the city liable for damages occasioned thereby."

*Appeal from Superior Court, Walla Walla County.*

*W. T. Dovell*, and *J. G. Thomas*, for appellant.

The opinion of the court was delivered by

SCOTT, J.—Respondent brought an action against the city to recover damages for injuries caused him by falling upon a sidewalk, and, obtaining a judgment therefor, the city appealed. Certain questions are raised as to the refusal of the court to grant a motion for a non-suit, and to permit an ordinance to be introduced in evidence, and also

for refusing to give certain instructions requested by the defendant. No brief was filed by the respondent.

It is questionable whether enough appears from the testimony to show that the ice had accumulated to such an extent, or was in such a condition, as to render it an obstruction to travel. The city is not liable for accidents occasioned by mere slipperiness caused by ice upon the walk. If the ice is not so rough and uneven, or so rounded up, or at such an incline as to make it an obstruction, and to cause it to be unsafe for travel with the exercise of due care, there is no liability. *Henkes v. City of Minneapolis*, 42 Minn. 530 (44 N. W. Rep. 1026); *City of Chicago v. McGiven*, 78 Ill. 347; *Cook v. City of Milwaukee*, 24 Wis. 270; *Chase v. City of Cleveland*, 44 Ohio St. 505 (9 N. E. Rep. 225); *Broburg v. City of Des Moines*, 63 Iowa, 523 (19 N. W. Rep. 340). But the question as to the refusal of the court to grant the motion for a non-suit is unimportant now, for the case must be reversed on other grounds, and, if a new trial is had, the testimony may be more explicit as to some of the points involved.

Assuming that there was enough in the testimony of the plaintiff to show that the ice was so rough and uneven as to be an obstruction to travel, and to render it unsafe for a person to walk thereon exercising reasonable care, and that the accident was due to this, there was other testimony which showed that the accident was due to the slipperiness and smoothness caused by the ice upon the walk; and the defendant's first instruction, requesting the court to instruct the jury that "mere slipperiness of the sidewalk, occasioned by ice or snow, not being accumulated so as to cause an obstruction, is not ordinarily such a defect as will make the city liable for damages occasioned thereby," should have been given, there being testimony to found the same upon as aforesaid, and the legal proposition involved being well established, as shown by the authorities cited.

The ordinance in question was one requiring persons occupying property abutting on streets where sidewalks were laid to keep the same clear from snow and ice, and in case of vacant lots such duty was imposed upon the owner. The defendant was entitled to have this ordinance admitted in evidence to show that it had provided a way for keeping the sidewalks clear from obstruction, and it was authorized to wait a reasonable time for the persons upon whom the duty was imposed to comply with the provisions of the ordinance. *Taylor v. City of Yonkers*, 105 N. Y. 202 (11 N. E. Rep. 642).

Judgment reversed.

DUNBAR, C. J., and HOYT, STILES and ANDERS, JJ., concur.