SALZER, Respondent, vs. CITY OF MILWAUKEE, Appellant.

*October 23 — November 16, 1897.*

*Municipal corporations: Liability for icy sidewalks: Negligence: Court and jury: Special verdict.*

1. For a defect in a sidewalk, which is mere iciness or slipperiness produced by a sudden freezing, a city is not liable; yet, when such condition concurs with a previous defect for which the city is responsible, such as its allowing snow and ice to accumulate thereon in an uneven and dangerous manner and to remain there for a long time, the city is liable for an injury caused thereby.

2. For a person to attempt to pass over an icy place on a sidewalk, knowing of its dangerous condition, is not in itself contributory negligence or an assumption of the risk, but it is for the jury to determine whether he exercised due care, and whether the attempt itself was negligence.

3. In an action against a city for an injury alleged to have been caused by a defective sidewalk, where the service of notice of the accident upon the defendant is admitted, and its sufficiency only is questioned, a special verdict which fails to find whether the notice required by law was served is not defective on that account. Whether it was sufficient was a question of law for the court.

4. The mere iciness of a sidewalk not being sufficient to establish the responsibility of a city for an accident which happened there without some other concurring cause, a finding by the jury that there was "some other condition of the sidewalk" besides the sudden freezing and the footprints "which proximately caused the injury," without specifying such other condition, is not sufficient to sustain a judgment against the city, since it does not show the city's responsibility for such other condition.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Reversed.*

The action is for the recovery of damages for an injury which the plaintiff received by falling upon an icy sidewalk. The evidence tended to show that, for a long time prior to plaintiff's accident, snow and ice had been suffered to remain on the sidewalk, until it had become a large accumulation at the place of the accident, where, by reason of the travel passing over it, it had become uneven, slippery, and dangerous; that, on the day preceding the accident, there had been a new fall of snow, accompanied by a thawing condition, which melted the old snow and removed much of it; that travel over the new snow and the slush of the old made the whole uneven and full of deep tracks; that, during the night previous to the accident, the weather turned suddenly cold, and caught this soft snow and slush in this condition, and turned it into hard and glassy ice, with all this unevenness upon it. During the next morning, the plaintiff, in attempting to pass over it, fell and was injured. He knew of its condition before he came upon it. There was a demurrer *ore tenus*, motions for a nonsuit and for a new trial, all overruled. There was a special verdict, and a judgment for the plaintiff, from which the defendant appeals.

For the appellant there was a brief by *Howard Van Wyck,* city attorney, and *Ernest Bruncken,* assistant city attorney, and oral argument by *Mr. Van Wyck.*

*John J. Gregory,* attorney, and *Thomas H. Dorr,* of counsel, for the respondent.

NEWMAN, J. The defendant alleges for error: (1) The overruling of the demurrer *ore tenus;* (2) the overruling of the motion for a nonsuit; (3) the overruling of the motion for a new trial; (4) errors in the charge to the jury; and (5) in refusing to submit, in the special verdict, questions requested by the defendant.

1. The point urged against the adequacy of the complaint
is that it alleges merely an icy and unsafe condition of the
sidewalk at the time of the accident, caused by a sudden
change of weather. It is urged that the defendant cannot
be held responsible for that condition. It is true that,
for a defect of a sidewalk which is mere iciness or slipperi-
ness, produced by natural causes, the city is not responsible;
yet when such condition concurs with a previous defect, for
which the city is responsible, the city is liable for damages.
*Cook v. Milwaukee,* 24 Wis. 270; *Stilling v. Thorp,* 54 Wis.
528; *Hill v. Fond du Lac,* 56 Wis. 242; *Paulson v. Pelican,*
79 Wis. 445; *Chamberlain v. Oshkosh,* 84 Wis. 289; *Koch v.
Ashland,* 88 Wis. 603; *West v. Eau Claire,* 89 Wis. 31. Also,
see *Taylor v. Yonkers,* 105 N. Y. 202; *Tobey v. Hudson,* 49
Hun, 318; *Johnson v. Glens Falls,* 16 N. Y. Supp. 585; *Har-
rington v. Buffalo,* 121 N. Y. 147; *Wyman v. Philadelphia,*
175 Pa. St. 117; *Ayres v. Hammondsport,* 130 N. Y. 665.
The complaint alleges such previous defective condition by
reason of snow and ice which had been suffered to accumu-
late there, in an uneven, slippery, and dangerous condition.
It also alleges that such condition had continued for a long
time. It was not error to overrule the demurrer *ore tenus.*

2. The motion for a nonsuit was based upon the premise
that the plaintiff's own evidence proved his contributory
negligence, in that he attempted to pass over the dangerous
place, knowing of its condition. This is said to amount to
an assumption of the risk and contributory negligence, as
matter of law. But undoubtedly the weight of authority is
that one may, without imputation of negligence, attempt, in
the exercise of due care, to pass over a place of known
danger. It is a question for the jury whether due care is
observed, and whether the attempt itself is negligence. Sev-
eral of our own cases are to that effect. *Kelley v. Fond du
Lac,* 31 Wis. 179; *Kenworthy v. Ironton,* 41 Wis. 647; *Rich-
ards v. Oshkosh,* 81 Wis. 226; *Cumisky v. Kenosha,* 87 Wis.

286. See, also, Beach, Contrib. Neg. § 273, and the cases cited in the notes. There was no error in refusing the nonsuit.

3. Under this general assignment of error are several specifications of specific error: (a) That the special verdict does not find whether a notice of the accident, under sec. 1339, R. S., was served on the defendant. The answer to this objection is that there was no issue on that point to be tried. The complaint alleged the service of such notice. The answer admitted it, but denied that the notice served was sufficient to charge the defendant. Whether it was sufficient for that purpose was a question of law, for the court. The verdict is not defective for omitting to find on that point. (b) It is also urged under this general assignment of error that some of the findings of the special verdict are contrary to the evidence. By their answer to the seventh question, the jury find that there was "some other condition of the sidewalk" besides the sudden freezing and the footprints "which proximately caused the injury." This is said to be contrary to the evidence. Such "other condition" is not named. The special verdict is not, in all respects, perspicuous. It seems to find, in effect, that a proximate cause of the accident was the uneven and slippery condition of the sidewalk, but that that was not the only proximate cause. There was some other concurring cause, which is not named. This seems to raise the question whether the cause found is alone sufficient to establish the defendant's liability. The mere iciness of the sidewalk is not alone sufficient to establish it. It is found that the defendant had no actual notice of the condition of the sidewalk at the time of the accident. It is also found that it ought to have known of its condition. This is absurd if the condition at the time of the accident is the sole cause, for that condition arose during the previous night, and the accident happened in the early morning. So that, with actual knowledge, the city would have been help-

less to change the situation before the time of the accident. But if there was a concurring cause of the accident for which the city was responsible, as some long-standing defective condition which contributed to produce the actual condition at the time of the accident, the city may be liable. The defendant proposed for the special verdict questions intended to elicit findings upon this question. But the court refused to submit them. So, the verdict fails to find upon that point. The point was controverted upon the trial. There was evidence which tended to show that whatever accumulation of snow and ice had been at the place of the accident had been substantially removed by the previous thawing. Being a controverted question, it was necessarily for the jury. It seems clear that an affirmative finding of such previous defective condition is essential to establish the defendant's responsibility for its condition at the time of the accident. The finding that there was some other cause, not specified, cannot be held substantially equivalent to such a finding. So, the verdict is defective in a substantial matter. It cannot sustain the judgment. The verdict should have been set aside and a new trial granted.

4. It is not needful to review the charge. Many of the alleged errors relate to questions of law which have been treated in the opinion. Wherein the charge was erroneous, it is not likely to be repeated on another trial.

5. Some of the defendant's proposed questions should have been submitted, in substance at least.

*By the Court.*— The judgment of the superior court of Milwaukee county is reversed, and the cause remanded for a new trial.