HARRIET E. HODGES, Appellant, v. THE CITY OF WATER-LOO.

**Icy Sidewalks:** FRESH SNOW: *Liability of city.* A city is responsible for injuries suffered by one who falls on a walk because of the rough surface of the snow and ice, which it has had an opportunity to remove though it was made more dangerous by a recent fall of sleet, provided the injury would not have been sustained but for the uneven condition due to the older snow and ice.

JURY QUESTION. In an action against a city to recover damages for injuries sustained in falling on a sidewalk, due to the uneven formations of ice and snow thereon, and a slippery condition due to the recent fall of sleet, the mere fact that the jury might have difficulty in determining whether the fall was caused by the irregular surface or the slipperiness does not warrant the court in determining the question in defendant's favor.

SAME.   Where, in an action against a city to recover for injuries
       alleged to be due to the uneven accumulations of snow and ice on
       its walks, the evidence tended to show that the surface was irreg-
       ular and had been for a week prior to the accident, the question
       of whether the city had constructive notice of the defect is for
       the jury.
DEFECTIVE CONSTRUCTION : *Plan by engineer*.  If a city constructs a
       sidewalk with a slope so abrupt as to make it dangerous to pedes-
       trians under conditions liable to occur in the winter, when it is
       covered with ice and snow, it is liable to one who slips thereon
       when it is coated with ice, unless it is built pursuant to a plan
       prepared by a competent engineer.
ADOPTION OF PLAN.   In an action against a city to recover for injuries
       sustained by plaintiff from slipping on an ice-coated slope of an
       alley approach, evidence that the city had provided in the speci-
       fications for grading and paving the alleys and streets, including
       the one where plaintiff fell, that the approaches should be graded
       as directed by the city engineer, does not show the adoption of a
       plan by a competent engineer, so as to relieve it of responsibility
       for a dangerous method of construction.

*Appeal from Blackhawk District Court.*—HON. FRANKLIN
                  C. PLATT, Judge.

             FRIDAY, OCTOBER 20, 1899.

    ACTION to recover damages for personal injuries.
When the evidence was all in, the court, on motion of
defendant, directed a verdict in its favor.  From a judg-
ment rendered on such verdict taxing costs to plaintiff, she
appeals.—*Reversed.*

    *Boies & Boies* for appellant.

    *J. E. Williams* and *Courtright & Arbuckle* for appel-
lee.

    WATERMAN, J.—Plaintiff's injuries were caused by a
fall upon a street in defendant city.  The petition charges
negligence in two counts.  In the first it is alleged that
the accident was caused by ice which had been permitted
to accumulate upon the sidewalk in a rough and uneven
form, and in the second count the charge is made that such

walk was negligently constructed, in that the outer seven feet of the same, the walk being fourteen feet wide, was sloped too much down to the level of the driveway of the street, the place where plaintiff fell being the paved crossing of an alley-way. The street in question was one of the leading thoroughfares in the city. There was evidence tending to show that, at the point where plaintiff fell, ice had accumulated upon the walk, and that the surface was broken, irregular and uneven, and had been so for about a week prior to the accident. Plaintiff's fall occurred in the evening of Monday, January 18, 1897. There was evidence going to show that in crossing the alley-way she stepped upon a hummock of ice that projected above the general level some four or five inches. She says that when her foot rested upon this raised surface, "my toes did not touch, neither did the sides of my foot."

That a city is liable for injuries caused by snow and ice upon its walks, if the surface is permitted to be in an irregular, rough, and rounded condition, is well settled in this state. *Huston v. City of Council Bluffs*, 101 Iowa, 33. But defendant seeks to meet this point by showing that, but a day or two previous to the accident, there was a drizzling rain, which froze as it fell, covering the streets and walks with a glare of ice, and that it was this condition which caused the accident. We quote something of what defendant's counsel say on this point: "The undisputed evidence in this case shows that upon Saturday and Sunday the storm was of rain, sleet, and snow, and the ground was covered, as well as the streets, with a coating of ice from one-half inch to one inch thick. And the undisputed evidence in the case shows that immediately following the storm the weather turned suddenly cold. Can it, then, be said that the city was negligent in failing to remove the ice and snow within a few hours after the formation thereof? There is no evidence to show whether the plaintiff slipped upon the old accumulation of ice or upon

that just formed by the preceding storm. It is just as probable that one was the cause of the accident as the other. There is no evidence to show which is the cause, and, if such is the case, the plaintiff must fail, under the authorities cited. Plaintiff's evidence shows that the obstruction about which she complained, and which caused her to fall, was a 'point of ice' on or near the approach to the alley. The plaintiff argues that the natural and logical inference is that the old accumulation must have contributed to the injury. But can plaintiff say that, from the evidence in the case, it was an old accumulation of ice that caused her to fall? Can plaintiff say that the storm of Saturday, Sunday, and that day of the accident had not caused the obstruction of which she complains? If we are to observe the rule of law announced in all the cases, it is necessary for the plaintiff to show, by a preponderance of the evidence, whether it was the old accumulation of ice, of which she claims the city had notice, or the new accumulation, for which the city was in no way responsible."

If this icy projection existed before the storm and freezing weather of the 16th and 17th, then the fact that it was covered with a fresh coating of ice thereby will not tend to relieve defendant from liability. The rule is thus stated in *Langhammer v. City of Manchester*, 99 Iowa, 295, "When two causes combine to produce an injury to a traveler upon a highway, both of which are in their nature proximate, the one being a culpable defect, and the other some occurrence for which neither party is responsible, the municipality is liable, provided that the injury would not have been sustained but for such defect." In *Salzer v. City of Milwaukee*, 97 Wis. 471 (73 N. W. Rep. 20), on a state of facts similar to that here involved, the court said: "The point urged against the adequacy of the complainant is that it alleges merely an icy and unsafe condition of the sidewalk at the time of the accident, caused by a sudden change of weather. It is urged that defendant cannot be held responsible for the condition. It is true that for

a defect of a sidewalk, which is mere iciness or slipperiness produced by natural causes, the city is not responsible; yet, when such conditions concurs with a previous defect for which the city is responsible, the city is liable for damages." Many cases are cited in the opinion in support of this doctrine, the number and character of which indicate that the great weight of authority is with the rule announced. The fact, if it be such, that the jury might have had some difficulty in determining whether plaintiff's accident was caused by the irregular surface of the walk, or by its mere slippery condition, would not warrant the court in taking the issue from that body as it did, and determining the question in defendant's favor. A city is not relieved from liability for a defect in a walk which causes an injury because of an icy condition which contributes to the accident. *Ford v. City of Des Moines,* 106 Iowa, 95. Whether the city should be held to have had constructive notice of this defect, or whether plaintiff showed freedom from contributory negligence, were, under the evidence, questions exclusively for the jury.

II. As we have already said, the place where plaintiff fell was upon an alley crossing. The walk was about fourteen feet wide, and there was evidence to show that from the buildings outward towards the curb the walk was practically level for a distance of nine feet, there being a fall towards the street of but two and three-fourths inches in that distance. From this point to the curb, a distance of about five feet, the descent was shown to be seven and one-fourth inches. Plaintiff was upon this inclined portion of the walk when she fell, having moved aside to permit other pedestrians to pass. The claim in the second count of the petition is that it was negligence on the part of the city to construct the walk with this abrupt declivity in its surface. If, by reason of its construction, it was dangerous to pedestrians, under the conditions that prevail in this climate during the winter season, then the jury would have been justified

in holding defendant liable upon this count (*Ford v. City of Des Moines, supra; Shumway v. City of Burlington*, 108, Iowa, 424), unless, as defendant claims, it is relieved from liability because of having adopted a plan prepared by a competent engineer, and according to which the work was done. *Van Pelt v. City of Davenport*, 42 Iowa, 308, and kindred cases, lend support to this contention on defendant's part. It may well be questioned whether the burden is not upon the city, under such an issue, to show that it was not negligent in adopting the plan. *Blyhl v. Village of Waterville*, 57 Minn. 115 (58 N. W. Rep. 817); *Ferguson v. Davis County*, 57 Iowa, 601; *City of North Vernon v. Voegler*, 103 Ind. 314-316 (2 N. E. Rep. 821). But this point we need not determine. There is no evidence that any plan was adopted. It is apparent that the defect complained of consisted in the steepness of the grade of the alley approach. The specifications adopted by defendant city for grading, paving, and curbing improvement district No. 1, which includes the alley in question, contains this provision: "The approaches connecting the streets or avenues and alleys shall be graded as directed by the engineer." It cannot be said to be the adoption of a plan when the design is left to the whim or fancy of a single individual, who is free to make the grade of the intersections different from each other, if it happens to suit his purpose to do so. This is not evidence of the adoption of a plan; it is rather an affirmative showing that no plan was approved by the city. See, as bearing on this point, *Ford v. City of Des Moines, supra;* 2 Dillon Municipal Corporations (3d Ed.), Section 980. For the reasons given, we think this case should have gone to the jury.—REVERSED.