$\overline{2\overline{2}}$   147
e40   543

[No. 3421.   Decided February 8, 1900.]

# W. G. PIPER, *Respondent*, v. CITY OF SPOKANE, *Appellant*.

MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—NOTICE OF CLAIM —VARIANCE.

In an action against a city for damages for injuries received by reason of the defective condition of a certain highway, it is an immaterial variance for the complaint to describe the place of injury as a "sidewalk," while the claim presented against the city prior to suit described it as a "crosswalk."

SAME—ACCUMULATIONS OF SNOW AND ICE.

Where a crosswalk upon a city street has been rendered uneven and slippery, because frozen earth, rocks, sleet, snow and ice have been heaped up into a ridge, the defect in the highway is such as to render the city liable for injuries received by one slipping and falling at that point in consequence of such defective condition.

SAME—ACTION FOR INJURIES—EVIDENCE—OTHER ACCIDENTS—DECLARATIONS OF THIRD PERSONS.

In an action against a city to recover damages for injuries received through a defective sidewalk, for the purpose of proving notice to city of the condition of the walk, evidence is admissible to show that other persons had fallen at the same place within a short time of plaintiff's injury; and for a like reason evidence of the declarations of other persons with reference to the condition of the walk is admissible.

SAME—NOTICE OF CLAIM—SUFFICIENCY OF DESCRIPTION OF PLACE AND CAUSE OF INJURY.

The notice of place and cause of injury given to a city prior to suit against it, as required by its charter, is sufficient when the claim filed with the city alleges that "the place was on the south crosswalk at the intersection of Stevens street and Main avenue, in said city, and close to where said crosswalk connects with the sidewalk at the southeast corner of said intersection of said street and avenue near the Bodie Block. The cause of my injury was a fall upon said crosswalk and ground by reason of my feet slipping from under me so that I fell, and the reason and cause of said slipping and fall was the condition of said crosswalk, sidewalk and street at the time, the same being defective, out of

repair, obstructed and made dangerous by throwing, accumulating, and banking, and freezing, and lying and being thereon, of large quantities of snow and ice, whereby a considerable elevation and slide had formed, and the same was icy, slick, unsafe, and very dangerous to pedestrians passing over the same."

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge. Affirmed.

*A. G. Avery,* for appellant.

*T. C. Griffitts* and *George D. Dudley,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—This is an action for personal injuries sustained by plaintiff in falling on a cross walk in the city of Spokane, in December, 1897. Section 220 of the city charter, requires that all claims against the city of this character shall be presented within four months, and shall "state the time when, and the place at which such injuries were received, and must also state the cause, nature, and extent of the same." The notice of claim fixed the place as follows:

"The place was on the south cross walk at the intersection of Stevens street and Main avenue, in said city, and close to where said cross walk connects with the side walk at the southeast corner of said intersection of said street and avenue, near the Bodie Block."

And the cause of the injury is stated in the notice as follows:

"The cause of my injury was a fall upon said cross walk and ground by reason of my feet slipping from under me so that I fell, and the reason and cause of said slipping and fall, was the condition of said cross walk, sidewalk, and street at the time, the same being defective, out of repair, obstructed, and made dangerous by throwing, accumulating, and banking, and freezing, and lying and being thereon, of large quantities of snow and ice, whereby a considerable elevation and slide had formed, and the

same was icy, slick, unsafe, and very dangerous to pedestrians passing over the same."

The allegations in the complaint were the same, except the word "sidewalk" was used instead of "cross walk." There was judgment for the plaintiff.

A number of errors have been assigned by appellant, and they will be taken together. It is not found that the juror challenged was incompetent. He had read an account of the accident in a newspaper, and, while true, as contended by counsel for appellant, that the juror's opinion of his competency was not conclusive, yet, upon his whole examination, the court correctly concluded that he was competent. The complaint made of the misconduct of counsel for plaintiff was not pressed sufficiently before the superior court, and sufficient exception thereto taken, to avail the defendant a reversal here, even if the language of counsel were deemed prejudicial. The instructions have been examined together; and no reversible error is perceived. Counsel urges that the use of the word "sidewalk" in the complaint, instead of "cross walk," was a material variation between the complaint and the notice of claim made to the city; but this is a refinement in pleading that cannot be sustained. It is again contended that the immediate cause of the plaintiff's fall was mere slipperiness, a smooth, icy condition on the cross walk, for which the city was not liable, and *Calder v. Walla Walla,* 6 Wash. 377 (33 Pac. 1054), is relied on to sustain the contention. It was observed in that case the city was not liable for accident occasioned by mere slipperiness caused by ice upon the walk, if the ice is not so rough and uneven, or so rounded up, or at such an incline as to make it an obstruction and to cause it to be unsafe for travel with the exercise of due care. But in the case at bar the evidence disclosed that a ditch had been filled up where the cross walk ran above the surface, and that a little ridge or top

was left above in a raised condition, and this ridge or top consisted of frozen dirt and sleet and rocks and snow, and also ice, and that was rough on account of the dirt that had been thrown up. Thus the distinction is readily observed between the two cases. It was said by the court in *Stone v. Inhabitants of Hubbardston,* 100 Mass. 57,

"But if ice, by reason of constant or repeated flowing of water, trampling of passengers, or any other cause, assumes such a shape as to form an obstacle to travel, the fact that it is also slippery does not make it the less a defect in the highway."

The plaintiff's alleged defect in the walk was not limited to smooth ice on the walk, or to natural causes alone, and, as has been seen, the evidence tended to support this allegation. Evidence was tendered by the plaintiff to show that other persons had fallen on this cross walk about, or within a short time of, the day when plaintiff was injured. Objection was made to this by defendant and it is assigned as error. And it is also claimed that evidence of the declarations of other persons at the same time with reference to the cross walk were inadmissible. The admission of such testimony, however, was approved in the case of *Elster v. Seattle,* 18 Wash. 304 (51 Pac. 395), where the court observed, "at all events, so far as the character of testimony which is objected to on the ground of time is concerned, it was at least material as tending to prove notice to the city of the condition of the sidewalk." See, also, *District of Columbia v. Armes,* 107 U. S. 524 (2 Sup. Ct. 840) ; *Chase v. Lowell,* 151 Mass. 422 (24 N. E. 212).

The evidence of plaintiff's acts and declarations occurring at the time were properly received as verbal acts at the time. Their weight was with the jury. The notice of place and cause of injury given to the city was sufficient.

The judgment is affirmed.

GORDON, C. J., and DUNBAR and FULLERTON, JJ., concur.