# MARTHA WATERS, Plaintiff in Error, v. KANSAS CITY, Defendant in Error.

### Kansas City Court of Appeals, May 5, 1902.

1. **Municipal Corporations:** DEFECTIVE STREET CROSSING: NEGLIGENCE: SNOW. Snow in this climate is no extraordinary occurrence and does not afford an excuse for negligence of cities charged with keeping the streets in repair.

2. ———: ———: ———: INSTRUCTIONS. An instruction, relating to snow causing plaintiff to slip and fall, is condemned as unsupported by the evidence.

3. ———: ———: ———: ———. An instruction, relating to plaintiff's duty to avoid obvious defects, is condemned because it assumes that the defects were obvious.

Error to Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

REVERSED AND REMANDED.

*Fyke, Yates, Fyke & Snider* for plaintiff in error.

(1) Instruction No. 5 is erroneous. First, there is no evidence upon which to predicate it—none whatever. The only evidence upon the cause of the fall is that of plaintiff, which is to the effect that she stepped off the sidewalk without knowing that the board was gone from the crossing. She was thereby hurled forward, stumbled against one of the cross-pieces and was thrown down. There is not a scintilla of evidence that she "was caused to slip and fall." The only thing the snow had to do with the accident was that it covered up the defect. (2) The instruction is misleading. The jury might have concluded that because the snow concealed the defect, thereby preventing plaintiff from discovering it, that if the snow had not been there plaintiff would have discovered the defect and avoided the injury, and, therefore, she was caused to slip and fall solely by reason of the snow. (3) The law is, if the sidewalk was defective, and that defect combined with some accidental cause brought about the injury, the city is liable. Bassett v. City of St. Joseph, 53 Mo. 290; Hull v. Kansas City, 54 Mo. 598; Yocum v. Trenton, 20 Mo. App. 489; Fairgrieve v. Moberly, 29 Mo. App. 141. (4) Instruction number 6 is also objectionable because it seems to assume that the crossing was rendered unsafe solely by the presence of snow thereon. (5) Instruction No. 9 assumes that the defects were obvious. Fairgrieve v. Moberly, supra.

*R. B. Middlebrook* for defendant in error.

(1) Plaintiff in error contends that the court erred in giving instruction No. 5 for defendant, and her first criticism of the instruction is that there is no evidence on which to base

ıt. When this instruction is read in connection with instruction No. 7, given for defendant, the contention of plaintiff in error clearly appears untenable, especially in view of the testimony of Frank Jarvis, for defendant. (2) Plaintiff virtually repeats the second part of her criticism on defendant's instruction No. 5. Again the response is the same. There was no substantial defect in the crosswalk proven, and the defect being absent, the snow was the only possible substance in the way of an obstruction or danger that was shown in the testimony. (3) Defendant's instructions 8 and 9 are also criticised by plaintiff, but they have been approved many times by the appellate courts. Buckley v. Kansas City, 156 Mo. 24.

ELLISON, J.—This action is for personal injuries said to have been sustained by plaintiff by reason of defects in one of defendant's sidewalks. The verdict and judgment in the trial court was for defendant.

The evidence was short and tended to show a defective street-crossing connecting the sidewalks, in that boards were out of it. It showed also that snow was on the ground, and at the time of the accident was still falling. The snow at least partially concealed the defect in the crossing. Plaintiff was traveling along the walk and in stepping off of the walk on to the crossing stepped into the vacant place made by the absence of the boards. This threw her forward and over cross-pieces which threw her to the ground, whereby she broke her arm and was otherwise injured.

The court gave ten instructions for defendant. We regard the objections made by plaintiff to some of them as being well taken. It is evident that the defendant was trying to protect itself from liability for the defective crossing by reason of the snow covering it, and it is clear that an attempt was made to impress the jury with the idea that if the defect was such as it would have been seen and avoided if there had

not been snow on it, then defendant was not liable. It would be strange if a city could excuse itself from liability for negligence by so usual an occurrence as an ordinary snow falling on the ground. Snow in this climate is no extraordinary occurrence, and does not afford the slightest excuse for negligence of cities charged with the duty of keeping the streets in repair. The following cases are applicable in principle. Bassett v. City of St. Joseph, 53 Mo. 290; Hull v. Kansas City, 54 Mo. 598; Yocum v. Trenton, 20 Mo. App. 489; Fairgrieve v. Moberly, 29 Mo. App. loc. cit. 156.

Instructions on this head should not have been given, especially No. 8. Instruction No. 5 is erroneous in assuming that plaintiff "was caused to slip and fall" by reason of snow. There was no evidence that she slipped and fell by reason of the snow, except as it connected with the defect in the walk. The instruction, as worded, would mislead a jury into the belief that she may have fallen on account of slippery snow.

Instructions 8 and 9 are based upon the idea that if the defects were obvious, it was plaintiff's duty to avoid them, but they assume that the defects were obvious and were, therefore, improper.

The different instructions repeat that defendant should only be required to keep its walks and crossings in reasonably safe condition for ordinary travel in ordinary circumstances, which we may concede; but it was wrong to have the jury believe that an ordinary snow was something more than an ordinary circumstance and that it would, therefore, afford an excuse for defendant's neglect to keep the crossing in proper, reasonable repair.

The judgment is reversed and the cause is remanded. All concur.