[No. 22832. Department One. April 2, 1931.]

ANDREW J. HOLLAND, *Respondent*, v. THE CITY OF AUBURN, *Appellant*.[1]

*Charles A. Cave* and *John T. Hunt,* for appellant.

*Jno. Mills Day,* for respondent.

[1]Reported in 297 Pac. 769.

Main, J.—This action was brought to recover damages for personal injuries. The defendant city denied liability, and affirmatively pleaded contributory negligence on the part of the plaintiff. The cause was tried to the court and a jury. At the conclusion of the plaintiff's evidence, the defendant challenged the sufficiency thereof, and moved for a dismissal, which motion was denied. At the conclusion of all of the evidence, the challenge was renewed and again denied. The jury returned a verdict in favor of the plaintiff in the sum of two thousand dollars. The defendant moved for judgment notwithstanding the verdict, and in the alternative for a new trial, both of which motions were overruled. Judgment upon the verdict was entered, from which the defendant appeals.

The accident out of which the litigation arose happened in the city of Auburn, a municipal corporation of the third class, on the south side of West Main street between Division street south and A street southwest, which was in the business section of the city, either side of Main street between the two cross streets mentioned being completely built up with business houses. On the south side of Main street, a little more than half the distance from Division street on the east to A street on the west, there is a space of two and one-half or three feet between two of the buildings.

Some days prior to the date mentioned, snow had fallen, and the temperature for a number of days had remained below normal. In front of the business houses, so far as practical, the snow had been cleared from the sidewalk. The thawing of the snow on the roof of one of the buildings, which did not come closely in contact with the building adjacent to it, caused water to drop onto the sidewalk at a point approximately in front of the opening between the two buildings, and, as it dropped, it froze, resulting in a "mound" or

"hummock" being formed over a layer of snow beneath. Owing to the transparency of the ice and the snow beneath, the mound or hummock was not readily discernible by one passing along the sidewalk. There was evidence from which the jury had a right to find that the mound or hummock was from two to four inches high, and that it had been on the sidewalk for a period of several days or a week.

The respondent, a man a little more than eighty years of age, at about eleven o'clock in the forenoon of the day mentioned, while walking in a westerly direction on West Main street between the two cross streets mentioned, stepped upon the mound or hummock of ice, not knowing it was there, slipped and fell, sustaining a serious injury, as the result of which he was in a hospital for a period of fifty-five days.

The case was submitted to the jury by instructions about which there is no complaint, and there is no contention that the verdict was excessive.

The first question is whether the appellant was negligent in permitting the mound or hummock above mentioned to form and remain for an unreasonable length of time. A city is not ordinarily liable for an accident occasioned by mere slipperiness caused by ice or snow upon a sidewalk, but it is liable if the ice or snow becomes so rough and uneven, or so rounded up as to make an obstruction, and cause it to be unsafe for travel with the exercise of ordinary care, if such obstruction is permitted to remain for an unreasonable length of time in view of all the circumstances. *Piper v. Spokane,* 22 Wash. 147, 60 Pac. 138; *Wren v. Seattle,* 100 Wash. 67, 170 Pac. 342, 3 A. L. R. 1123. In *Smith v. Spokane,* 16 Wash. 403, 47 Pac. 888, it was held that where an accumulation of snow and ice upon a sidewalk had become rough, uneven and rounded up to such an extent that it was dangerous for persons pass-

ing over it, it constituted an obstruction to travel which it was the duty of the city to remove, and anyone injured thereby, while in the exercise of ordinary care and prudence, was entitled to damages from the city. In *Murray v. Spokane,* 117 Wash. 401, 201 Pac. 745, it was said:

"The conditions described by the evidence, the jury was at liberty to accept, were more than mere slipperiness caused by ice on the sidewalk. There is evidence that the ice at the particular place was uneven and rounded upon the sidewalk that inclined both ways, so as to make it an obstruction and cause it to be unsafe for travel with the exercise of reasonable care. The conditions were such as to fall within the rule laid down in *Calder v. Walla Walla,* 6 Wash. 377, 33 Pac. 1054, which has been reaffirmed in subsequent cases. *Smith v. Spokane,* 16 Wash. 403, 47 Pac. 888; *Piper v. Spokane,* 22 Wash. 147, 60 Pac. 138; and *Wren v. Seattle,* 100 Wash. 67, 170 Pac. 342. Nor does the fact that the water which partly formed the ice came from the adjoining premises and that there may have been alternate thawing and freezing relieve the city in this case, since the testimony shows that for a month or more the ice never entirely melted."

Two of the witnesses called by the respondent in the present case testified that the condition of the place in question was "dangerous," and another stated that it was a "bad spot." The trial court, in a memorandum opinion, with reference to the matter stated:

"The obstruction consisted of a conical layer of ice over snow, and according to some of the defendant's witnesses was somewhat deceptive in appearance. To an ordinary observer the spot would not appear much different from other portions of the walk covering with snow owing to the transparency of the icy capping."

In view of the facts as they appeared in the testimony offered by the respondent, and the law which is applicable to a situation of this kind, it cannot be held

as a matter of law that the appellant was not negligent. It is true that as to the extent of the mound and the condition of the sidewalk, the evidence offered by the respective parties is in conflict. The question was one for the jury.

The next question is whether, under all the circumstances, the obstruction had been permitted to remain for an unreasonable time. The place where the accident occurred, as above stated, was in the business section of the city, and in close proximity to the center of that section. It was on a sidewalk over which it was convenient to pass, going from the city hall to the post-office. The jury had a right to find that the obstruction had been there for a period of six or seven days. An officer of the appellant city, whose duty it was to notify property owners to clear the sidewalk of snow in front of their respective properties, testified, as a witness for the appellant, that in the performance of his duties he passed several times a day along the sidewalk where the accident occurred.

It was not necessary that the appellant have actual notice of the obstruction; constructive notice was sufficient. If the obstruction was permitted to remain for an unreasonable length of time, constructive notice would be imputed to the city. In *Sutton v. Snohomish*, 11 Wash. 24, 39 Pac. 273, 48 Am. St. 847, it was said: "It is not necessary in such cases that actual notice be shown. Constructive notice is sufficient." In *Born v. Spokane*, 27 Wash. 719, 68 Pac. 386, it was said:

"Hence the instruction complained of, that a city is chargeable with notice of a dangerous opening and trench or ditch, and its condition, in the sidewalk or street, although actual notice may not have been brought home to it, if the evidence shows that such a state has continued for sufficient length of time, so that the city by exercising ordinary care, might have learned of its condition, and not to know such fact

would be negligence on the part of the city, was properly given.''

In this case, the question of whether the obstruction had been permitted to remain for a sufficient length of time in order that the city would be charged with notice thereof, was for the jury to determine in view of all the attendant circumstances.

■ The next question is whether the respondent was guilty of contributory negligence as a matter of law. The contention that he was so guilty is based, to some extent, upon his own testimony in which he was, apparently, perfectly frank and honest. In part he said:

''As I walked along Main street, traveling from east to west, approaching the point where I fell, as to whether or not I was watching where I was walking on the sidewalk, I reckon I wasn't watching much. A wolf watches where he puts every foot, but I can't. As to whether I was observing where I was walking just before and at the time I fell, I was not observing very particularly, I don't reckon. . . .

''I guess that I was going along the walk observing where I was going as I usually do in my daily walks and life, and using the same care and doing what I usually do in walking along.''

A lady, who at the time of the accident was walking west on the south side of Main street, and who had observed respondent, she being a short distance behind him, testified: ''He was walking apparently very carefully, and he was walking more to one side.'' When the respondent's testimony is read in its entirety, it means nothing more than that respondent was walking along the street in the usual and ordinary manner in which he would walk. It cannot be held, under the evidence, that the respondent was guilty of contributory negligence as a matter of law.

Upon all of the questions mentioned, the case was

properly submitted to the jury, and their verdict is controlling upon the facts.

In support of its motion for a new trial, the appellant makes a number of contentions, all of which we have considered, and in none of which do we find substantial merit. These questions being largely technical, it does not appear to us that any of them are of sufficient moment to require a detailed discussion.

The judgment will be affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and HOLCOMB, JJ., concur.