## CORA V. TERRYLL v. CITY OF FARIBAULT.[1]

81   519
s84   342

December 14, 1900.

Nos. 12,265—(133).

**Notice of Personal Injury—Signature of Claimant.**

> This is an action for damages caused by a defective sidewalk. It appears from the allegations of the complaint that the plaintiff signed the notice and statement of her claim with the initials of her husband's name, instead of her own. *Held*, that the notice was prima facie sufficient.

Action in the district court for Rice county to recover $1,000 damages for personal injuries sustained by reason of a defective sidewalk. On the trial the court, Buckham, J., granted defendant's motion to dismiss the action. From an order granting a motion for a new trial, defendant appealed. Affirmed.

*Thomas H. Quinn*, for appellant.

*Batchelder & Batchelder*, for respondent.

1 Reported in 84 N. W. 458.

START, C. J.

This action was brought in the district court of the county of Rice to recover damages alleged to have been sustained by the plaintiff by reason of a defect in a sidewalk of the defendant city. On the trial of the cause the defendant objected to the introduction of any evidence, "on the ground that the party suing and the party who gave the notice is not the same party." The trial court sustained the objection and dismissed the action. The plaintiff then made a motion for a new trial, and the defendant appealed from an order granting it.

The only question presented by the record for our decision is whether the allegations of the complaint show a substantial compliance with the provisions of Laws 1897, c. 248, the here material provisions of which are these:

"Before any city　*　*　*　shall be liable to any person for damages　*　*　*　the person so alleged to be injured, or some one in his behalf shall give to the city　*　*　*　council,　*　*　*　within thirty days after the alleged injury, notice thereof, and shall present his or their claim to compensation to such council or governing body in writing, stating　*　*　*　the nature of the relief demanded from the city,　*　*　*　and such body shall have ten days' time within which to decide upon the course it will pursue with relation to such claim."

The complaint alleges that the plaintiff caused notice of her injury and a written statement of her claim to compensation therefor to be given to the city council of the defendant, and that such council considered her claim and rejected it. The complaint then sets out in full the written notice and statement by her so presented to and acted upon by the council, from which it appears that the plaintiff complied with the statute in all substantial respects, except that the notice and statement was signed, "S. G. x. Terryll," with two subscribing witnesses. The complaint then alleges that "the initials preceding the surname of plaintiff, as subscribed to such notice, were the initials of her husband, which she ordinarily employs in writing her name; her own Christian name being Cora V., as it appears in the entitling clause of this complaint."

It thus clearly appears upon the face of the complaint that the

party suing and the party who gave the notice are one and the same person, and the only question is whether the plaintiff must be turned out of court on the statement of her complaint because she did not sign her name to the notice with strict accuracy. We answer the question in the negative. If the allegations of the complaint be true, it is not apparent how the defendant could have been prejudiced by the mistake in the initials. The complaint shows on its face a prima facie compliance with the statute as to giving notice of the plaintiff's injury.

Order affirmed.