JENNIE NEELEY, Appellee, v. INCORPORATED TOWN OF MAPLETON, Appellant.

**Municipal corporations:** PERSONAL INJURY: SUFFICIENCY OF NOTICE
1  TO TOWN: The statute providing for notice of an injury to be given a city or town, as affecting the time for commencing an action, will be liberally construed; so that a notice conveying to the council prompt information of the time, place and circumstances of the injury, causing an investigation by the town authorities is sufficient, although not signed by any one.

**Same:** STATEMENT OF CIRCUMSTANCES. Notice to a town that claim-
2  ant " fell on a defective sidewalk, said fall having severely cut and bruised the said claimant," and stating the time and place' is a sufficient statement of the circumstances of the accident.

**Sidewalk accident:** CONTRIBUTORY NEGLIGENCE. It is not contribu-
3  tory negligence on the part of a pedestrian to pass over a sidewalk that she knew to be in a defective condition, unless she also knew that it was imprudent to attempt to do so.

**Same:** NEGLIGENCE OF TOWN: FACT QUESTION. Where it was dis-
4  closed by the evidence that the stringers of a sidewalk were rotten, the boards rickety and that it had been patched up for years, the question of whether it had been out of repair for such length of time that the council ought to have discovered and repaired it was for the jury.

*Appeal from Monona District Court.*— HON. DAVID MOULD,
Judge.

WEDNESDAY, OCTOBER 21, 1908.

ACTION for damages for personal injuries resulting
from a fall upon a defective sidewalk.   Judgment for plain-
tiff in the sum of $550, and defendant appeals.—*Affirmed.*

*T. B. Lutz* and *A. Kendall,* for appellant.

*Prichard & Newby* and *H. Chrisman,* for appellee.

EVANS, J.— On March 9, 1906, while going toward her
home in the defendant town in company with her son, the
plaintiff fell upon a sidewalk and received the injuries of
which she complains.   Her fall was the result of tripping
over a loose board, her son having stepped upon one end
of it and thrown the other end of it in such a way as to
catch the feet of the plaintiff.

I.   This action was not commenced until after the. ex-
piration of ninety days from the date of the alleged injury.
The defendant pleads the statute of limitations, and avers
that no written notice was served on defendant specifying
the time, place, and circumstances of the injury within sixty
days from the happening thereof, as required by section
3447 of the Code.   It appears from the plaintiff's petition
and from the evidence that on March 17, 1906, eight days
after the accident, one Chapman,' acting on behalf of the
plaintiff, delivered to G. G. Harris, the town clerk, a writing
as follows: " Mapleton, Iowa.   March 17, 1906.   The In-
corporated Town of Mapleton, Iowa, Debtor to Mrs. Jennie
Neeley.   March 9, 1906, Damages $1,000.   Said damages
having been sustained by reason of a fall (or falling) of the
said Jennie Neeley on a defective sidewalk on Third street
in front of lot one in block twenty-two in said town, on the
9th day of March, 1906; said fall having severely cut and

bruised the said Jennie Neeley and endangering her life." This writing was not signed by any person. At the first regular meeting of the council in April, the clerk presented this paper to the town council, and a record thereof was made in the minutes of the council proceedings in the following words: " The bill of damages to the amount of $1,000 was presented on behalf of Mrs. Jennie Neeley. On motion Hammond and Scott and City Attorney Lutz were appointed to investigate the same." Members of the council called upon the plaintiff and investigated her injuries, and investigated the place of the accident, having first called upon plaintiff's husband to point out the place more definitely. The defendant now urges the insufficiency of the written notice referred to, having urged proper objections to it at all stages of the trial, and having saved exceptions to the adverse rulings of the court.

Its principal contention is that the notice is fatally defective for want of signature, and this presents the most doubtful question in the case. This court has heretofore held that the absence of signature to an original notice was fatal to the notice as such. *Hoitt v. Skinner,* 99 Iowa, 360. It has applied the same rule to a notice of appeal to the Supreme Court. *Doerr v. Life Ass'n,* 92 Iowa, 39; *State Savings Bank v. Ratcliffe,* 111 Iowa, 662. It was held in these cases that the jurisdiction of the court was dependent upon the legal sufficiency of the notice. On the other hand, the notice under consideration was in no sense jurisdictional, and the tendency of the courts is to construe the requirements of the statute liberally in favor of this kind of a notice; and this is especially so if it has accomplished the purpose intended. It has been said by this court that the purpose of such a notice is to convey to the town council prompt information of the time, place, and circumstances of the injury, so that an investigation may be had while the facts are fresh, and, if the notice furnished

1. MUNICIPAL CORPORATIONS: personal injury: sufficiency of notice to town.

conveys such information, and has caused such investigation by the town council, it has answered all the purposes of the statute.  *Owen v. Ft. Dodge,* 98 Iowa, 286; *Pardy v. Mechanicsville,* 112 Iowa, 73.  See, also, *Teegarden v. Caledonia,* 50 Wis. 292 (6 N. W. 875); *Terryll v. Faribault,* 81 Minn. 519 (84 N. W. 458).  In view of the fact that the notice in this case conveyed the required information in writing, and that the town council was in no manner prejudiced by the absence of a signature, we are of the opinion that it was sufficient notice within the meaning of the statute, and the trial court properly admitted it in evidence in avoidance of the plea of the statute of limitations.

II.  The defendant also complains' that the notice in question is defective because it fails to state the circumstances of the alleged injury.  In support of this contention the defendant cites *Giles v. Shenandoah,* 111 Iowa, 83.  The cited case does not support the defendant's contention.  The notice under consideration in that case gave no information concerning the accident or the method of its occurrence.  In the case at bar it is stated that the injury was sustained by reason of a " fall on a defective sidewalk, said fall having severely cut and bruised the said Jennie Neeley," and specifying the time, and place of the accident.  We think the notice was quite sufficient in this respect.  *Perry v. Clark Co.,* 120 Iowa, 102.

*2. SAME: statement of circumstances.*

III.  It is contended, by the defendant that the plaintiff was guilty of contributory negligence.  This contention is based upon the argument that the plaintiff knew that the walk was in bad condition, and that, notwithstanding such knowledge, she ventured to walk upon it and received her injuries thereby.  There is no evidence that the plaintiff believed that it would be imprudent to pass over the walk.  On the contrary, she testifies otherwise.  Although she knew of its alleged defective condition, she had passed over it many times in safety,

*3. SIDEWALK ACCIDENT: contributory negligence.*

and believed that she could do so at the time in question. This court has held repeatedly that this would not constitute contributory negligence as a matter of law. *Hoover v. Town of Mapleton,* 110 Iowa, 571; *Bailey v. City of Centerville,* 115 Iowa, 271.

IV.    The defendant also contends that there is no evidence of negligence on the part of the city. We cannot sustain this contention. There is evidence that the stringers were rotten and that the boards were "rickety," and that it had been an " old patched-up sidewalk " for twenty years. It was for the jury to say under the evidence whether the walk had been out of repair for such length of time that the town council ought to have discovered it and repaired it. This question was properly submitted. No other errors are argued. The judgment is *affirmed.*

4. SAME: negligence of town: fact question.