[No. 15393.    Department Two.    December 30, 1919.]

LAURA FISHER, *Respondent*, v. THE CITY OF ANACORTES, *Appellant.*[1]

DAMAGES (98)—PLEADING—GENERAL OR SPECIAL DAMAGES.  In an action for personal injuries, plaintiff cannot be required to set out or specially plead the amount of damages claimed for pain and suffering already endured, and the amount that will be sustained in the future, but can recover therefor under the general allegation of damages.

MUNICIPAL CORPORATIONS (442)—DEFECTIVE SIDEWALK—CONTRIBUTORY NEGLIGENCE.  The contributory negligence of one who was tripped by the sinking of a plank in a sidewalk is a question for the jury, although plaintiff knew the walk was dangerous, where it was much used by the public and she had no knowledge of the particular defect that caused the fall; the law only requiring due care under the circumstances.

SAME (435) — DEFECTIVE SIDEWALK — CITY'S NOTICE OF DEFECT.  Whether a city had notice that a plank in a sidewalk would sink and trip a pedestrian is a question for the jury, where the walk had been down for eleven years, the boards were decayed and loose and the condition had existed for a considerable period of time.

DAMAGES (108)—EVIDENCE—EXPECTANCY OF LIFE.  Mortuary tables are admissible in an action for personal injuries where plaintiff had not fully recovered thirteen months after the accident and it would seem that her injuries would be permanent.

APPEAL (449) — REVIEW — HARMLESS ERROR — ADMISSION OF EVIDENCE.  Admission of mortuary tables in an action for personal injuries is harmless error, even if the injuries were not permanent.

Appeal from a judgment of the superior court for Skagit county, Brawley, J., entered March 3, 1919, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained through a fall on a defective sidewalk.    Affirmed.

*Ben Driftmier,* for appellant.

*Joiner & English,* for respondent.

[1]Reported in 186 Pac. 271.

FULLERTON, J.—The respondent was injured by a fall upon the sidewalk of the appellant city, and in this action recovered in damages against the city in the sum of $950. The city appeals, assigning that the court erred, (1) in denying its motion to require the complaint to be made more definite and certain; (2) in denying its motion for a nonsuit; (3) in admitting certain evidence; and (4) in entering a judgment upon the verdict of the jury.

In her complaint, after setting forth the nature of the injuries she received from the fall, the respondent alleged that, "by reason of the pain and suffering she has endured as result of said injuries, and the inconvenience, weakness and pain she still endures and which she is reasonably certain to suffer in the future, she has been damaged in the sum of $2,500." The city, on its first appearance in the cause, moved that the respondent be required to make this allegation of her complaint more definite and certain by "setting out the items going to make up the sum claimed, that is, that she set out the amount of damages resulting from the pain and suffering which she has endured as a result of said injuries, that she set out the amount of damages resulting from the inconvenience, weakness and pain she still endures, and the amount of damages she will suffer in the future, and what the damages are." The court denied the motion, and its action in so doing furnishes the foundation for the first error assigned.

There was no error in the ruling of the court. Under the general allegation of damages a plaintiff is entitled to recover all of the natural and necessary damages that flow from a given injury, and no rule of law or precedent requires that they be specially pleaded, or that the amount suffered from each natural and necessary result be separately stated. In this state

even the general allegation of the amount claimed is more of form than of substance. We have held it reversible error for a nonexpert witness, even though the witness be the injured party, to state in dollars and cents the amount of the damages suffered. *DeWald v. Ingle,* 31 Wash. 616, 72 Pac. 469, 96 Am. St. 927. So here, had the respondent been required to segregate her damages, as the appellant requested, her testimony could not have been different than it actually was. She could but have described the injury and its consequent results to her person, and left it to the jury to say what sum of money would compensate her for her injuries and sufferings. To have segregated the items would, therefore, have been confusing rather than enlightening, and pleadings are intended to promote the latter, not the former result.

The motion for nonsuit was based on two contentions: first, that the respondent was guilty of contributory negligence; and second, that her evidence failed to show that the appellant had actual knowledge of the defect in the walk causing the injury, or could, by reasonable diligence, have discovered the same prior to the injury.

The respondent's fall was caused by the sinking of the board in the walk on which she stepped, permitting the toes of her foot to catch under the next succeeding board. She testified that she had traveled over the walk many times and knew that it was not in the best of condition; that it was uneven and in places lower on the one side than the other, but that she had not discovered that any particular board would sink below the surrounding boards when stepped upon. She further testified that the walk was the only walk on the street at that place, that it was on one of the principal streets of the appellant city, and a walk

much used by the public generally. Under these circumstances, the question of contributory negligence was for the jury. The mere fact that a pedestrian is aware of a defective condition of a public walk and uses it having such knowledge, is not in itself conclusive of negligence on the user's part, although it is competent evidence on the question of contributory negligence. All that the law requires under such circumstances is that the user exercise such care and caution as a person of ordinary prudence would use under like or similar circumstances. *McQuillan v. Seattle,* 10 Wash. 464, 38 Pac. 1119, 45 Am. St. 799; *Stock v. Tacoma,* 53 Wash. 226, 101 Pac. 830. There is nothing in the record which conclusively shows that the respondent was not in this instance exercising the proper degree of care.

The question suggested by the second branch of the question was likewise for the jury. It was in evidence that the walk had been down for more than eleven years; that, at the place of the accident, and at other places in the immediate vicinity, the stringers had rotted away, and that the ends of certain of the boards were decayed; that boards in the walk were loose; that the walk was uneven; that there was a hole in the walk at or near the place of the accident; and that these conditions had existed for a considerable period of time. As we said in *Billings v. Snohomish,* 51 Wash. 135, 98 Pac. 107:

"The city officers must exercise reasonable diligence in the care of the city's walks. They must take notice that constant use will gradually wear out a walk; that nails will pull and supports decay; and that at best the life of a wooden sidewalk is limited to but a few years. It is not enough that they may find that the surface of the walk appears sound. The walk as an entirety must be examined and kept in repair if the city is to escape the charge of negligence."

There was, therefore, no error in the refusal of the court to grant the motion for nonsuit.

The court admitted in evidence a mortuary table showing the expectancy of life of a person of the age of the respondent, and this constitutes the erroneous admission of evidence forming the groundwork for the third assignment. There was no evidence that the respondent's injuries were permanent, other than the inference arising from her testimony to the effect that she had not fully recovered at the time of the trial, some thirteen months after the injury was received. It would seem that, from this circumstance, the respondent had the right to contend that her injuries were of a permanent nature, and, if so, the mortuary table was plainly admissible. But if the rule be otherwise, the admission of the table was harmless. In itself it had no probative value; that is, it conveys no information that is not the common knowledge of mankind. As evidence, it stands on the plane of a calendar, an almanac or a report of the weather bureau; it is but a convenient reminder of facts which the human mind cannot always bring to remembrance.

The final assignment of error requires no special consideration. It is founded rather upon the other claims of error than upon anything inherent in itself. Manifestly, if there is no error preceding the verdict, there is no error in entering judgment in conformity with the verdict.

The judgment is affirmed.

HOLCOMB, C. J., MOUNT, TOLMAN, and BRIDGES, JJ., concur.