[No. 18456.  Department Two.  March 24, 1924.]

MARY J. CLAUSING et al., Respondents, v. W. E. KERSHAW et al., Appellants.[1]

NEW TRIAL (55)—INADEQUATE DAMAGES—CONDITIONS ON GRANTING —STATUTES. Under Rem. Comp. Stat., § 399, subd. 5, authorizing a new trial for inadequate damages, the court may conditionally grant a new trial in a personal injury case, unless the defendant consents to an increase in the amount of the verdict.

MUNICIPAL CORPORATIONS (424, 439) — SIDEWALKS — DEFECTS — PROXIMATE CAUSE OF INJURY. The jury may find that the proximate cause of an injury was the dangerous condition of a lightwell in a sidewalk, rather than a recent light fall of snow alone, where it appears that the lightwell was constructed of glass and a smooth substance which was dangerous and had caused others to slip and fall, to the knowledge of the defendants.

SAME (442)—DEFECTIVE SIDEWALK—CONTRIBUTORY NEGLIGENCE— KNOWLEDGE OF DEFECT. The fact that a pedestrian used a sidewalk knowing of its dangerous and slippery condition does not conclusively establish contributory negligence precluding recovery for injuries sustained in a fall.

[1]Reported in 224 Pac. 573.

SAME (424)—SIDEWALKS—DEFECTS—CONTRIBUTING CAUSE OF IN-
JURY. The fact that a lightwell in a sidewalk was of standard con-
struction and conformed to building requirements is no defense to
a recovery for injuries sustained because of its dangerous condition.

Appeal from an order of the superior court of Yak-
ima county, Gilbert, J., entered July 28, 1923, granting
a new trial unless defendants consent to an increase
in the amount of the verdict rendered in favor of the
plaintiffs, in an action for personal injuries sustained
from a fall on a sidewalk. Affirmed.

*Rigg & Venables, Nat U. Brown,* and *Thos. E.
Grady,* for appellants.

*Snively & Bounds,* for respondents.

PEMBERTON, J.—This is an action for damages for
personal injuries received by respondent as a result
of a fall on the sidewalk in front of a building owned
by the appellants W. E. Kershaw and Ruth E. Ker-
shaw, in the appellant city of Yakima.

The testimony shows that the Kershaws were the
owners of a building known as the Kershaw Building,
in the city of Yakima, and in the summer of 1922 con-
structed in the center of the cement sidewalk in front
of the building a light-well, eighteen feet long by six
feet wide, consisting of pieces of glass about four inches
square, between which there was a smooth substance
slightly lower than the surface of the glass. There is
testimony to show that the appellants knew that, prior
to the accident, many people had slipped and fallen
upon it; that sawdust and ashes had been placed there-
on to reduce the danger, and that persons knowing of
this danger avoided it by walking around the light-well.

Respondent Mary J. Clausing, on December 9, 1922,
when the sidewalk was covered with about a quarter
of an inch of snow, walked upon the light-well, slipped
and fell, and in so doing sustained a compound fracture

of the left leg near the ankle, dislocating the ankle and breaking the leg in three places. She was confined to her bed for four weeks, suffered great pain, and was required to use crutches up to and including the date of the trial. The doctor's bill amounted to $95 and a cure had not been effected. The jury rendered a verdict in the amount of $700. Upon a motion for a new trial, the court entered an order granting the same unless within twenty days the appellants would agree to an increase of the verdict to $1,400. The court also denied the motion of appellants for judgment notwithstanding the verdict. From these orders, this appeal is taken.

It is first contended by appellants that the court was without power to substitute its judgment for that of the jury in determining the amount of damages.

Section 399, Rem. Comp. Stat., subd. 5 [P. C. § 8225], provides as follows:

"The former verdict or other decision may be vacated and a new trial granted, on the motion of the party aggrieved, for any of the following causes materially affecting the substantial rights of such party:
"5. Excessive or inadequate damages appearing to have been given under the influence of passion or prejudice."

We said in the case of *Matsuda v. Hammond,* 77 Wash. 120, 137 Pac. 328, 51 L. R. A. (N. S.) 920, that:

"Unquestionably the court could, without committing reversible error, have set aside and granted a new trial for the reason assigned; but, under our practice, it was not compulsory upon it to do so. From the order as a whole, it is evident that the judge was led to the belief expressed in the order solely because of the size of the verdict, as he found no fault with the conclusion of the jury that the respondent was entitled under the evidence to some recovery. It was, therefore, within his province either to grant a new trial unconditionally, or to grant it on the condition that the respondent refused to accept a judgment in such

sum as he conceived the jury were warranting in finding as compensation for the injury.''

We have held in a large number of cases that the trial court may exercise his discretion in granting a new trial on the condition that the respondent refuses to accept a verdict in a less amount, and, under this statute, the trial court is authorized to grant a new trial on the condition that respondent refused to accept a verdict in the amount of $1,400, if in the opinion of the trial court the damages are inadequate. *Samuels v. Hiawatha Holstein Dairy Co.*, 115 Wash. 343, 197 Pac. 24; *Johnson v. North Coast Stevedoring Co.*, 109 Wash. 236, 186 Pac. 663.

It is next contended that the trial court erred in refusing to grant the motion of appellant for judgment notwithstanding the verdict. It is claimed that the testimony shows that tenants of the Kershaw Building used every reasonable effort to keep the walk free of snow and ice; that there is no evidence tending to establish negligence in this respect; that, even though there is some evidence that snow tracked onto the light-well caused it to be slippery, it was the snow packed on the heel of the pedestrian's shoe that caused the slipping; that the cause of the accident was the recent or coincident falling of the snow and not the negligence of appellants.

Under the conditions shown by the testimony, the jury had a right to find that the dangerous condition was not caused alone by the snow on the sidewalk, but that the nature of the construction of the light-well was the proximate cause, as was said in the case of *Murray v. Spokane*, 117 Wash. 401, 201 Pac. 745:

''The conditions described by the evidence, the jury was at liberty to accept, were more than mere slipperiness caused by ice on the sidewalk. There is evidence that the ice at the particular place was uneven and

rounded upon the sidewalk that inclined both ways, so as to make it an obstruction and cause it to be unsafe for travel with the exercise of reasonable care. The conditions were such as to fall within the rule laid down in *Calder v. Walla Walla,* 6 Wash. 377, 33 Pac. 1054, which has been reaffirmed in subsequent cases. *Smith v. Spokane,* 16 Wash. 403, 407 Pac. 888; *Piper v. Spokane,* 22 Wash. 147, 60 Pac. 138; and *Wren v. Seattle,* 100 Wash. 67, 170 Pac. 342.''

The fact that respondent knew of the existence of the light-well does not show contributory negligence under the rule announced in the case of *Fisher v. Anacortes,* 109 Wash. 191, 186 Pac. 271:

''The mere fact that a pedestrian is aware of a defective condition of a public walk and uses it having such knowledge, is not in itself conclusive of negligence on the user's part, although it is competent evidence on the question of contributory negligence. All that the law requires under such circumstances is that the user exercise such care and caution as a person of ordinary prudence would use under like or similar circumstances. *McQuillan v. Seattle,* 10 Wash. 464, 38 Pac. 1119, 45 Am. St. 799; *Stock v. Tacoma,* 53 Wash. 226, 101 Pac. 830. There is nothing in the record which conclusively shows that the respondent was not in this instance exercising the proper degree of care.''

It is further contended that the construction of the light-well was of uniform type and conformed to good building requirements and used generally throughout the country. The mere fact that the light-well is of standard construction and that other people use it is no defense if it is shown to be dangerous and to be the contributing cause of the injury.

The motion for judgment notwithstanding the verdict was properly denied. The judgment of the trial court will be affirmed.

MAIN, C. J., MITCHELL, FULLERTON, and BRIDGES, JJ., concur.