[No. 19690.   Department Two.   April 27, 1926.]

LILLIE GLASGO, *Appellant*, v. THE CITY OF SPOKANE,
*Respondent.*[1]

[1] MUNICIPAL CORPORATIONS (426, 442)—INJURY TO PEDESTRIAN—
SNOW AND ICE ON SIDEWALK—CONTRIBUTORY NEGLIGENCE. A pedes-
trian who fell upon an icy sidewalk is not guilty of contributory
negligence as a matter of law from the mere admission of the
fact that she knew the walk was dangerous and that she had
used it in that condition twice a day for some time, going to
and from her work, where she testified that there was no other
way.

Appeal from a judgment of the superior court for
Spokane county, Lindsley, J., entered March 17, 1925,
upon dismissing a pedestrian's action for personal in-
juries after a trial on the merits before a jury. Re-
versed.

*Alex M. Winston* and *J. M. Geraghty,* for respondent.
*Zent & Lovell,* for appellant.

PARKER, J.—The plaintiff, Mrs. Glasgo, seeks re-
covery of damages for personal injuries suffered by
her in slipping and falling upon a sidewalk of the de-
fendant city, claimed to have been the result of the
city's negligence in failing to clear the sidewalk of
snow and ice.  The case proceeded to trial in the su-
perior court for Spokane county, sitting with a jury.
At the conclusion of the evidence introduced in behalf
of Mrs. Glasgo, counsel for the city moved for judg-
ment of dismissal upon the ground "that it appears
affirmatively from all the evidence that the defendant
should prevail."  This motion was sustained, the case
withdrawn from the jury, and a judgment of dismissal
awarded to the city as a matter of law.  From this

¹Reported in 245 Pac. 406.

disposition of the case, Mrs. Glasgo has appealed to this court.

We do not understand counsel for the city to seriously contend that there was not sufficient evidence to carry the case to the jury upon the question of the city's negligence in allowing the sidewalk to become in the condition it was at the time Mrs. Glasgo was injured. The record of the case does not indicate any such contention in the trial court. Indeed, the motion itself points rather to the question of Mrs. Glasgo's contributory negligence than to the question of the city's negligence. The trial judge's memorandum decision plainly indicates his opinion as being that Mrs. Glasgo was not entitled to recover, solely because of her contributory negligence.

[1] Mrs. Glasgo testified touching the condition of the walk, her knowledge of such condition and her appreciation of danger in passing over it, in part, as follows:

"Q. What was the condition of the sidewalk at that place at that time? A. Well, it had snowed and it hadn't been cleaned off, and it had been walked on, and it had rained and snowed again, and it was rough in places. Q. That is, you mean the snow or the ice had piled on the sidewalk in various places? A. Yes. Q. And how high were these little piles of snow and ice in various places? A. Well, perhaps six inches, . . . Q. State what happened. A. Well, I was walking along and the walk was very slippery. I was trying to get along; I was going to the car to go to work, and I slipped and broke my arm. . . . Q. How long had this condition existed on the sidewalk prior to your injury? A. Well, perhaps three weeks. It was for some time. . . . Q. Now you say you had been over this walk many times before? A. Yes. Q. And you had observed that this walk there had not been cleaned off that winter? A. Yes; it hadn't. . . . Q. And there was about six inches of snow upon it, in where these

bumps and ridges were? A. I think it was about six inches. . . . Q. And this snow, was that dry snow or was it wet snow at that time? A. It was frozen then; it couldn't be wet. Q. In other words, it had been melting and freezing; is that correct? A. Well, it had snowed, and then it would thaw some, and then it snowed again, and that was walked on each day and it was rough in places as it was walked over, and then it would be frozen again. At this time it was frozen. Q. You had observed it every day? A. Well, I had passed there twice each day, going in the morning and coming back in the evening. . . . Q. Did it appear to you to be dangerous to go upon? A. Yes, it was dangerous, but I had to go that way. Q. You realized it was dangerous that morning? A. Yes. Q. Did you look across the street to see if there was any other way you could get along to avoid going by this dangerous place? A. No, that was the way I went all the time.''

This is, in substance, the whole of the evidence touching the question of Mrs. Glasgo's knowledge of the condition of the walk, and her appreciation of whatever danger there may have been to one passing over it. One other witness testified as to the condition of the walk, in substance the same as Mrs. Glasgo testified on that subject. There is practically no evidence in the record indicating that there was or was not a convenient safer way for Mrs. Glasgo to go upon her mission; that is, to and from her work at that time. It is not very clear from the evidence, though we think it inferable therefrom, that the walk in question is in a fairly densely populated residence portion of the city. In any event, it seems to have been a walk much used, even in its then condition.

Does this evidence so conclusively show that Mrs. Glasgo was guilty of contributory negligence, in attempting to pass over the walk in its then condition, that the court was warranted in so deciding as a matter of law and withdrawing the case from the jury? It

may be conceded that these facts furnish very substantial ground for arguing to the jury as a matter of fact that Mrs. Glasgo was guilty of contributory negligence. But we feel constrained to hold that it cannot be so decided by the court as a matter of law. In the text of 13 R. C. L. 475, we read:

"A person who in the lawful use of a highway meets with an obstacle, or defect therein, may yet proceed if it is consistent with reasonable care so to do, even though he thereby incurs some risk, and the fact that he sees or knows of the obstruction or defect and knows its dangerous character, is not conclusive proof that he was negligent in attempting to pass it, and does not preclude a recovery for injuries sustained by him in the attempt, provided he exercised due care."

This same view of the law is expressed in 6 McQuillin, Muncipal Corporations, § 2826, as follows:

"It is now settled beyond dispute that mere knowledge of a defect in a street, at the time of or before using a street, is not *per se contributory negligence.* The injured party is not negligent unless he knew both of the defect and also of the danger, since there must be knowledge *plus* want of ordinary care to constitute contributory negligence."

In *Smith v. Spokane,* 16 Wash. 403, 47 Pac. 888, the question of contributory negligence, under circumstances somewhat like those here involved, was considered. Judge Anders, speaking for the court in that case, said:

"It appears from the testimony of the plaintiff that, at the time the accident happened, she was going to the Hotel Spokane, situated on the corner of Stevens and First streets, with the view of attending a reception which she was informed would there be given in honor of J. L. Wilson; that she was not walking rapidly and was careful how she walked—as careful as any person would ordinarily be when walking along the street; that she had safely passed over this sidewalk in the day

time five or six times during the three preceding weeks, the last time about a week before the accident, and that the ice and snow upon the sidewalk at the time she was injured seemed to be in about the same condition, so far as she was able to observe, as it was when she saw it the week before, and at other times. It is not clear from her testimony that the plaintiff noticed the real condition of this particular part of the sidewalk before she stepped upon it, but she does say that she observed its condition after she fell, and especially after she was assisted into a sleigh which was standing close to the edge of the sidewalk at the time. There was an electric arc light at the Sprague street crossing and another about a block away, which afforded sufficient light for the plaintiff to see the condition of the street with more or less distinctness.

"Upon this state of facts did the court err in denying the defendant's motion? In other words, would the trial court have been justified in saying, as matter of law, as it was in effect requested, that the plaintiff was guilty of contributory negligence, and therefore not entitled to recover in this action? We think this question must be answered in the negative. . . .

"We think that, upon the undisputed facts of this case, candid and intelligent men might reasonably differ as to whether the plaintiff was or was not in the exercise of ordinary care and prudence at the time of the accident; and it therefore follows that the court committed no error in submitting the case to the jury."

It seems to us these observations are almost, if not quite, conclusive against the city in this case. We do not fail to note that Mrs. Glasgo testified that she "realized it was dangerous that morning," referring to the sidewalk; but she also testified, in substance, that she had passed over the walk in safety twice a day for several weeks immediately preceding, when the condition of the walk was not materially different, and, also, that it had been used in the same manner during that period by many others. There is no evidence of any other person slipping and falling upon the walk

during that whole period. She evidently did not mean, when she said she "realized it was dangerous," that she realized it was dangerous to the extent that a person of ordinary caution would not under the circumstances proceed over it. In *Neeley v. Town of Mapleton,* 139 Iowa 582, 117 N. W. 981, a similar problem was presented to the court and disposed of by Judge Evans, speaking for the court, as follows:

"It is contended by the defendant that the plaintiff was guilty of contributory negligence. This contention is based upon the argument that the plaintiff knew that the walk was in bad condition, and that, notwithstanding such knowledge, she ventured to walk upon it and received her injuries thereby. There is no evidence that the plaintiff believed that it would be imprudent to pass over the walk. On the contrary, she testifies otherwise. Although she knew of its alleged defective condition, she had passed over it many times in safety, and believed that she could do so at the time in question. This court has held repeatedly that this would not constitute contributory negligence as a matter of law. *Hoover v. Town of Mapleton,* 110 Iowa 571; *Bailey v. City of Centerville,* 115 Iowa 271."

The contentions here made in behalf of the city are rested upon the law as announced in 13 R. C. L. 478, as follows:

"While as already seen, it is generally conceded that it is not negligence as a matter of law for one to proceed along a street or highway which he knows or sees is in a defective or dangerous condition if, by the exercise of care proportioned to the known danger, he may reasonably expect to shun or avoid the defect, or obstruction, the contrary is true if the danger is so plain and obvious that passing over the place in question, in and of itself, amounts to a want of ordinary care and diligence. The traveler cannot recover if he rushes recklessly into known danger, or voluntarily casts himself into or upon known defects or obstructions, for if there is danger, and the peril is known,

whoever encounters it voluntarily and unnecessarily cannot be regarded as exercising ordinary prudence, and therefore does so at his own risk.''

Now, the word ''danger'' is expressive of varying degrees of risk. Manifestly, the word has no fixed meaning as to degree or *quantum* of danger or risk. We think, to warrant the withdrawing of the question of contributory negligence from the jury in this or a similar case, the danger encountered must be known to be of that degree and character, which no reasonably careful person would voluntarily encounter under the particular circumstances. In other words, the court must be able to see that the evidence conclusively shows that such was the degree, character and knowledge of the danger, before it can be determined as a matter of law that the injured person is guilty of contributory negligence.

We now notice the decisions relied upon by counsel for the city. In *Wilson v. Charleston,* 8 Allen (Mass.) 137, it was held that a person who voluntarily attempted to pass over a sidewalk, which he knew to be very dangerous, when he might easily avoid it, as a matter of law should be deprived of any right of recovery. The exact condition of the sidewalk there in question is not shown, except it is referred to in the opinion as being ''very slippery and dangerous,'' and the knowledge of its condition by the plaintiff is shown by her having passed over it a very short time before she was injured, and her then remarking to a friend ''upon its dangerous condition.'' The court evidently proceeded upon the theory that the facts of the case showed a very dangerous condition. Had the facts of the case shown that the plaintiff had twice a day passed over the walk in safety for a period of several weeks, when in substantially the same condition, and that

many others had done likewise, that decision might have been different.

In *Centralia v. Krouse,* 64 Ill. 19, the walk in question was rendered very dangerous, because of a fire occurring a short time previous to the plaintiff being injured, and also by snow and ice. It "was very much damaged." The plaintiff, knowing of this condition and attempting to pass over the dangerous place, was held guilty of contributory negligence as a matter of law. Here again, apparently, the court's decision was influenced by the known very dangerous condition of the walk.

*Schaefler v. Sandusky,* 33 Ohio St. 246, 31 Am. Rep. 533, is a case wherein the contributory negligence of the plaintiff was claimed to have been established by a special verdict, though the general verdict awarded recovery against the city. It seems that that case involved principally the construction of the special verdict upon which judgment was rendered for the city. The decision is not helpful here, because it does not give us any light on the degree of danger.

In *Erie v. Magill,* 101 Pa. St. 616, 47 Am. Rep. 739, we have a snow and ice sidewalk decision, wherein the plaintiff was held guilty of contributory negligence as a matter of law, but there, also, it appears that the condition of the walk was very dangerous. It appears that the snow and ice, as described by the plaintiff herself, were some three or four feet high on the inside line of the sidewalk and only about eight inches high at the outside line of the sidewalk, so as to make a very steep slope sideways, across which she attempted to pass. So here again we have a case of a very dangerous condition in the sidewalk. Three of the justices dissented.

In *Wright v. St. Cloud,* 54 Minn. 94, 55 N. W. 819, the plaintiff was held guilty of contributory negligence

as a matter of law, under circumstances somewhat more similar to those here involved. Yet we infer, from the language of the opinion, that there was a somewhat greater degree of danger in the condition of the walk there in question than in the walk here in question. We think none of these decisions should be regarded by us as controlling in this case.

We conclude that the trial court erred in deciding, as a matter of law, that Mrs. Glasgo was guilty of contributory negligence in passing over the sidewalk in question at the time of her injury. Our other decisions lend support to this conclusion. *McQuillan v. Seattle,* 10 Wash. 464, 38 Pac. 1119, 45 Am. St. 799; *Traver v. Spokane Street R. Co.,* 25 Wash. 225, 65 Pac. 284; *Stock v. Tacoma,* 53 Wash. 226, 101 Pac. 830; *Richmond v. Tacoma R. & Power Co.,* 67 Wash. 444, 122 Pac. 351; *Fisher v. Anacortes,* 109 Wash. 191, 186 Pac. 271; *Clausing v. Kershaw,* 129 Wash. 67, 224 Pac. 573.

The judgment is reversed, and the cause remanded to the superior court with directions to grant Mrs. Glasgo a new trial.

TOLMAN, C. J., MAIN, and MITCHELL, JJ., concur.

MACKINTOSH, J., dissents.