[No. 20129. Department Two. January 6, 1927.]

LAWRENCE CLARK, *Respondent,* v. THE CITY OF SEATTLE, *Appellant.*[1]

[1] CARRIERS (93)—CONTRIBUTORY NEGLIGENCE — ENTERING CONVEYANCE. Where an intended passenger about to take a city street car, did not undertake to use the way prepared by the city to reach a loading platform, but took the way which plainly he was not invited to take, and fell and was injured, he assumed all the risk.

Appeal from an order of the superior court for King county, Stern, J., entered April 17, 1926, granting a new trial in favor of the defendant, notwithstanding a verdict in favor of the plaintiff, in an action for personal injuries. Reversed.

*Thomas J. L. Kennedy* and *Arthur Schramm,* for appellant.

[1]Reported in 252 Pac. 100.

BRIDGES, J.—The city of Seattle maintains and operates a double track street railway between the main portion of the city and West Seattle. A part of this line is on Spokane avenue. At one place on that avenue, which is in the outskirts of the city, the city has provided a place for persons to alight from and take the street cars. At this point, the tracks are elevated above the ground level. There is what is called the north elevated platform which serves the outgoing traffic, and the south platform which serves the ingoing traffic. These platforms are opposite one another. The only approach is up a stairway which leads to the outgoing platform, and any one desiring to take an ingoing car must cross the tracks from the outgoing platform to the ingoing platform. The space between the two platforms is properly and securely planked. About midnight of a certain day, the plaintiff ceased his work and came to the station in question for the purpose of taking a car into the city. When he arrived on the north platform, he saw an ingoing street car standing at the south platform. The front of the car was slightly past the planked portion of the space between the rails. Another ingoing car was slowly approaching the station. The plaintiff, in order to get onto the south platform and from that point take the front car, that is, the one that was standing, went in front of it and in so doing went beyond the planks between the tracks and onto the ties. He undertook to step from the guard rails onto the platform, but instead stepped into the space immediately to the end of the south platform and fell to the ground, some distance below, and was injured. The verdict of the jury was for the defendant. The court granted plaintiff's motion for a new trial for the reason that he conceived he had given an erroneous instruction to the jury. The

city appeals from the order granting the new trial. We have not had the benefit of any brief or oral argument on behalf of the respondent.

[1] The instruction which the court conceived to be wrong was as follows:

"You are instructed that, if you find from the evidence in this case that the defendant provided reasonably safe landing platforms for persons intending to board street cars at the point in question, and provided reasonably safe means of access to said landing platforms, and if you further find from the evidence that plaintiff chose a dangerous way of reaching said landing platform and was injured by reason thereof, then plaintiff cannot recover, and your verdict must be for the defendant."

It is said that the court was of the opinion that the instruction which we have quoted was in violation of the rule announced by us in *Stock v. Tacoma*, 53 Wash. 226, 101 Pac. 830; *Colquhon v. Hoquiam*, 120 Wash. 391, 207 Pac. 664, and *Clausing v. Kershaw*, 129 Wash. 67, 224 Pac. 573.

We are of the opinion that the instruction given by the court properly stated the law upon the facts of this case. The cases above cited are with reference to streets or sidewalks. In the *Stock* case we held that, where a city maintains a walk along a bulkhead, which walk is without a guard rail or light, a pedestrian familiar with the conditions is not, as a matter of law, guilty of negligence in walking thereupon upon a dark night, when she might have avoided the danger by taking a safer way. In the *Colquhon* case we held that a pedestrian is not necessarily guilty of negligence in going upon a sidewalk which was known to her to be out of repair, but which was an open way, when she could have taken a way which was less dangerous. In the *Clausing* case there was a light well in a sidewalk, and it had become slippery and more or less

dangerous because of a light fall of snow. The plaintiff in the case knew of the slippery condition of the sidewalk at the place in question and could have gone around it, and it was contended that she had been guilty of negligence as a matter of law. We held to the contrary, quoting from *Fisher v. Anacortes,* 109 Wash. 191, 186 Pac. 271, as follows:

"The mere fact that a pedestrian is aware of a defective condition of the public walk and uses it having such knowledge, is not in itself conclusive of negligence on the user's part, although it is competent evidence on the question of contributory negligence. All that the law requires under such circumstances is that the user exercise such care and caution as a person of ordinary prudence would use under like or similar circumstances."

Those cases are very different from the one at bar. There the sidewalks were open to travel, notwithstanding they were more or less defective. In other words, the city in each case had invited pedestrians to use the defective sidewalks. But in this case the appellant had provided a perfectly safe and convenient way to get from the outgoing platform to the ingoing platform, and such way was not the one taken by the respondent. The respondent did not undertake to use any way which the city had prepared. If an intending passenger undertakes to enter a street car, or to approach its entrance, at or over a place not intended for that purpose, he cannot ordinarily recover for injuries resulting from the unsafe character of the place. 10 C. J. 911, 913. If the appellant had undertaken to provide a way for approaching the south platform along the course taken by the respondent and, because of some defect therein, he had been injured, then the instruction given by the court might have been wrong. But here the respondent did not use the portion of the way prepared by the appellant to reach the south plat-

form, but took a way which plainly he was not invited to take, and in so doing he assumed all the risks.

The judgment is reversed, and the case remanded with instructions to enter a judgment of dismissal on the verdict of the jury.

TOLMAN, C. J., PARKER, ASKREN, and MACKINTOSH, JJ. concur.